UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARGARITO GOMEZ,

                        Plaintiff,

        v.                                                     9:18-CV-0773
                                                                      (MAD/DJS)

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, et al.,

                        Defendants.

---

APPEARANCES:

MARGARITO GOMEZ
05-A-6010
Plaintiff, pro se
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      In June 2018, plaintiff Margarito Gomez ("Plaintiff") commenced this action by submitting a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff asserted Eighth Amendment deliberate medical indifference claims arising while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See generally* Compl. Plaintiff identified the following individuals as defendants: Dr. Jeffrey Brewer ("Brewer"), a medical provider at Wende Correctional Facility ("Wende C.F."); Dr. Brian Valerian ("Valerian"), a medical provider at

Coxsackie Correctional Facility ("Coxsackie C.F."); Carl J. Koenigsmann ("Koenigsmann"), Commissioner and Chief Medical Officer for DOCCS; Dr. Mikhail Gusman ("Gusman"), a medical provider at Eastern Correctional Facility ("Eastern C.F."); and Dr. Shahid Haque ("Haque"), a medical provider at Gowanda Correctional Facility ("Gowanda C.F."). *Id.* at 1-3. Plaintiff also named DOCCS and the New York State Department of Correctional Health Services as defendants. *Id.*

In a Decision and Order filed on July 23, 2018 (the "July Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 5. The Court noted that the Complaint was "not a wealth of factual information" and while Plaintiff recounted an incident involving a sewing needle lodged in his right leg, he did not provide any facts related to when the incident occurred, where it occurred, nor did he identify any individuals involved with the incident or his medical treatment. *See id*. Pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the Court severed and transferred the claims that arose at Wende C.F. and Gowanda C.F. and the claims against Brewer and Haque to the Western District of New York. *Id.* at 6-7. The Court reviewed the remaining allegations and dismissed the claims against New York State Department of Correctional Health Services for failure to identify a specific staff member. *Id.* at 7. The Court also dismissed the Eighth Amendment claims, without prejudice, against the remaining defendants, Koenigsmann, Valerian, and Gusman because Plaintiff failed to plead that the defendants were personally involved in Plaintiff's medical treatment or any alleged constitutional violation. *Id*. at 10-11. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint with respect to the claims that were dismissed without prejudice. Dkt. No. 5 at 15. Plaintiff was directed to file his amended pleading within

thirty days from the date of the July Order. *Id*.

Currently before the Court are Plaintiff's "Notice of Amended Complaint" and a motion for reconsideration of the July Order. Dkt. Nos. 6 and 7.

## II. NOTICE OF AMENDED COMPLAINT

Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). This requirement is buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* N.D.N.Y.L.R. 7.1(a)(4). The Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." *Id*. One of the purposes of the requirement that an amended complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. *See Walker v. Fischer*, No. 10-CV-1431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted). This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, 9:95-CV-1126 (HGM/GS), 1999 WL 34998130, at *1 (N.D.N.Y. Sep. 28, 1999). In other words, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action. "While we have insisted that the pleadings

prepared by [ pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106 (1993).

The submission at issue contains a "Notice of Amended Complaint," an Affirmation, and copies of Plaintiff's medical records. See Dkt. No. 6 1-5, 9-24. Upon review, the Court finds that the submission presently before the Court is not in compliance with N.D.N.Y. Local Rule 7.1(a)(4). Compliance with this Court's local rules is "not merely technical in nature." *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009). The submission addresses the July Order and recites the caselaw included in the decision. *See* Dkt. No. 6 at 2. The affirmation does not contain any request for relief, injunctive or otherwise, and does not set forth any cause(s) of action against the named defendants. While Plaintiff included his medical records, the submission does not make any reference to the records. The submission does not include Plaintiff's original claims against the named defendants and does not indicate whether Plaintiff intends to abandon those claims or supersede those allegations with his submission.

At this juncture, the Court will not accept the submission, identified at Dkt. No. 6, as the Amended Complaint or the operative pleading. Plaintiff is directed to, within **THIRTY DAYS** of the within Order, submit a proposed amended pleading that complies with this Court's Local Rules or, inform the Court that he intends to proceed with Dkt. No. 6 as the operative pleading. Any proposed amended complaint submitted must be a complete pleading which sets forth all of the claims Plaintiff seeks to assert in this action against the persons named as defendants. Any proposed amended complaint will be subject to the

Court's review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Plaintiff is further advised that piecemeal submission of pleadings and/or other supporting materials is not authorized. The Clerk is directed to send Plaintiff a copy of the current docket sheet and the July Order.

### III.   MOTION TO RECONSIDER

A court may reconsider a previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence comes to light that was not previously available; or (3) it is necessary to remedy a clear error of law or prevent manifest injustice. *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) *cert. denied*, 464 U.S. 864 (1983). The standard for granting a motion for reconsideration is strict and should not be granted where the party seeks to relitigate an issue already decided. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for consideration is not an opportunity for the litigant to take a "second bite at the apple." *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998). "To obtain reconsideration of a judgment based upon newly discovered evidence, each of the following four factors must be met: (1) newly discovered evidence is of facts existing at the time of the prior decision; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative." *Kahn v. NYU Medical Center*, No. 06 Civ. 13455, 2008 WL 190765, 2 (S.D.N.Y. Jan. 15, 2008) (internal quotation marks omitted).

Plaintiff seeks reconsideration of the portion of the July Order that denied his motion for counsel and severed and transferred Plaintiff's claims against defendants Brewer and Haque to the Western District. Dkt. No. 7. As discussed *supra*, Plaintiff provided medical

5

records in support of his submissions. *See* Dkt. No. 6 at 9-24. Plaintiff does not assert that the documents annexed were not in his possession when he filed his Complaint. Indeed, Plaintiff does not provide any explanation for why the records were not annexed to the Complaint. *See United States v. Yarbrough*, No. 1:04-CR-476, 2005 WL 6144289, at *3 (N.D.N.Y. Feb. 24, 2005), *aff'd*, 179 F. App'x 769 (2d Cir. 2006) ("Among the factors the court will review in deciding a motion for reconsideration 'is whether the moving party has proffered newly discovered evidence that was unknown to the party, and could not through due diligence reasonably have been discovered by the party, at the time of the original hearing.'") (citations omitted). The records are dated March 2017 through August 2017 and thus, predate the filing of the Complaint. Thus, the evidence presented to this Court does not qualify as "new evidence" to warrant reconsideration. *See United States v. City of New York*, ––– F.Supp.2d –––, 2012 WL 745560, * 13 (E.D.N.Y. Mar.8, 2012).

Plaintiff has not cited to any caselaw which would mandate that the Court's prior Order be vacated and has not demonstrated an intervening change in controlling law nor has he articulated any clear legal error. While Plaintiff disagrees with the July Order, Plaintiff has not made any showing that reconsideration of the Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y.2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Therefore, Plaintiff's motion for reconsideration (Dkt. No. 7) is denied.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff must comply with the directives set forth in this Order within **THIRTY days**; and it is further

**ORDERED** that Plaintiff's motion for reconsideration of the July Order (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff, together with a copy of the original Complaint, docket report, and the July Order.

**IT IS SO ORDERED.**

Dated: October 5, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge