UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

MARGARITO GOMEZ,

                              Plaintiff,

        v.                                                    9:18-CV-0773
                                                             (MAD/DJS)

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, et al.,

                              Defendants.
─────────────────────────────────────

APPEARANCES:

MARGARITO GOMEZ
05-A-6010
Plaintiff, pro se
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

        In June 2018, plaintiff Margarito Gomez ("Plaintiff") commenced this action by

submitting a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt.

No. 1 ("Compl.").  The Complaint contains allegations of wrongdoing that occurred, if at all,

while Plaintiff was in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS").  *See generally* Compl.  Plaintiff identified the following

individuals as defendants:  Dr. Jeffrey Brewer ("Brewer"), a medical provider at Wende

Correctional Facility ("Wende C.F."); Dr. Brian Valerian ("Valerian"), a medical provider at

Coxsackie Correctional Facility ("Coxsackie C.F."); Carl J. Koenigsmann ("Koenigsmann"), Commissioner and Chief Medical Officer for DOCCS; Dr. Mikhail Gusman ("Gusman"), a medical provider at Eastern Correctional Facility ("Eastern C.F."); and Dr. Shahid Haque ("Haque"), a medical provider at Gowanda Correctional Facility ("Gowanda C.F."). *Id.* at 1-3. Plaintiff also named DOCCS and the New York State Department of Correctional Health Services as defendants. *Id.* Plaintiff also filed a motion for counsel. Dkt. No. 4.

In a Decision and Order filed on July 23, 2018 (the "July Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 5. Pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the Court severed and transferred the claims that arose at Wende C.F. and Gowanda C.F. to the Western District of New York. *Id.* at 6-7. The Court reviewed the remaining allegations and dismissed the claims against New York State Department of Correctional Health Services for failure to identify a specific staff member. *Id.* at 7. The Court also dismissed the Eighth Amendment claims, without prejudice, against the remaining defendants, Koenigsmann, Valerian, and Gusman because Plaintiff failed to plead that the defendants were personally involved in Plaintiff's medical treatment or any alleged constitutional violation. *Id.* at 10-11. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint with respect to the claims that were dismissed without prejudice. Dkt. No. 5 at 15. Plaintiff was directed to file his amended pleading within thirty days from the date of the July Order. *Id.*

On August 22, 2018, Plaintiff filed a "Notice of Amended Complaint" and a motion for reconsideration of the July Order. Dkt. Nos. 6 and 7. In a Decision and Order filed on October 5, 2018 (the "October Order"), the Court advised that the submission would not be

2

accepted as an amended pleading.  Dkt. No. 8 at 4.  Plaintiff was afforded additional time to comply with the July Order.  *Id.*  The Court denied Plaintiff's motion to reconsider the portion of the July Order that severed and transferred his claims against Brewer and Haque to the Western District and the portion of the Order that denied his motion for counsel.  *Id.* at 6.

Currently before the Court is Plaintiff's Amended Complaint and second motion for the appointment of counsel.  Dkt. Nos. 12 and 13 ("Am. Compl.").

## II.   LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the July Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 5 at 2-4.  The Court will construe the allegations in the Amended Complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III.   SUMMARY OF AMENDED COMPLAINT[1]

On March 22, 2017, at approximately 12:20 p.m. at Eastern C.F., Plaintiff was lying in his bed when he heard a "snap" and felt a "stabbing sensation" in his right leg.  Am. Compl. at 3.  Plaintiff noticed the head of a sewing needle on his bed.  *Id.*  Plaintiff reported the injury

---

[1]     On August 22, 2018, with the "Notice of Amended Complaint," Plaintiff provided copies of medical records. Dkt. No. 6 at 6-23.  .  The Clerk of the Court is directed to amend the docket entry at Docket No. 13 to include these records as exhibits.  To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits.  *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

In the Amended Complaint, Plaintiff does not assert any claims against DOCCS, the New York State Department of Correctional Health Services, or Koenigsmann.  The Clerk of the Court is directed to dismiss these entities as defendants herein.

and was taken to the medical unit at Eastern C.F. *Id*. Defendant Dr. Andola ("Andola")[2] ordered x-rays which revealed that the needle was still lodged in Plaintiff's leg. *Id*.; Dkt. No. 6 at 7. Andola administered an injection to alleviate Plaintiff's pain and ordered Plaintiff transferred to Albany Medical Center for observation. Am. Compl. at 3-4; Dkt. No. 6 at 6.

On April 18, 2017, Plaintiff was examined by Gusman and complained that his pain interfered with his daily activities. Am. Compl. at 4; Dkt. No. 6 at 9. On April 27, 2017, Gusman referred Plaintiff to Valerian for a surgical consultation. Dkt. No. 6 at 8, 9. On April 28, 2017, Plaintiff was treated at sick call for complaints of pain in his right thigh. *Id*. at 9.

On May 2, 2017, May 8, 2017, and May 16, 2017, Plaintiff attended sick call for complaints of pain in his right leg. Dkt. No. 6 at 10-11. On May 23, 2017, Plaintiff was examined by Valerian at Coxsackie C.F. Am. Compl. at 4; Dkt. No. 6 at 8, 11. Valerian opined that surgery was not "warranted" and explained to Plaintiff that surgery could cause more harm including damage to nerves and blood vessels. *Id*.

On June 2, 2017, Plaintiff attended sick call and asked for a "specialist." Dkt. No. 6 at 12. On June 15, 2017, Gusman met with Plaintiff and explained Valerian's opinions. *Id*. On June 20, 2017, Plaintiff attended sick call for complaints related to his right thigh. *Id*. at 13. The attending nurse noted "no swelling or redness" and provided refills for Motrin, analgesic balm, and hydrocortisone cream. *Id*.

On July 11, 2017, Plaintiff was treated at sick call for complaints of pain in his right thigh. Dkt. No. 6 at 13. The nurse noted that Plaintiff "plays handball on and off" and provided analgesic balm. *Id*. On July 28, 2017, Plaintiff returned to sick call complaining of

---

[2]     The Clerk of the Court is directed to add Andola as a defendant herein.

pain and "itching" due to the needle. *Id.* at 14. The attending nurse noted no swelling, redness, or tenderness. *Id.* Plaintiff's prescription for Ibuprofen was renewed. Dkt. No. 6 at 13. On August 26, 2017, Plaintiff was treated at "callout" for complaints of pain in his thigh. *Id.* at 14.

Plaintiff filed two grievances related to the lack of medical treatment, but the grievances were denied. Am. Compl. at 4; Dkt. No. 6 at 17, 19. Plaintiff's grievances were denied. Dkt. No. 6 at 18, 20.

As a result of his continuing complaints of pain and grievances, Plaintiff was transferred to Gowanda C.F. Am. Compl. at 4. On October 17, 2017, Haque referred Plaintiff to Brewer for a surgical consultation. Dkt. No. 6 at 15. On December 28, 2017, Brewer examined Plaintiff at Wende C.F. and ordered additional x-rays and prescribed a course of physical therapy. *Id.* at 15-16; Am. Compl. at 4. The therapy, which Plaintiff attended twice a week for three weeks caused more damage and pain. *Id.* When Plaintiff complained to Haque, his physical therapy was discontinued and Haque refused to remove the needle. *Id.*

Plaintiff asserts Eighth Amendment deliberate medical indifference claims against Andola, Gusman, Valerian, Haque, and Brewer. *See generally*, Am. Compl. Plaintiff seeks an award of money damages, as well as declaratory and injunctive relief. *Id.* at 4-5. For a complete statement of Plaintiff's claims and the facts he relies on in support of those claims, reference is made to the Amended Complaint.

IV. **ANALYSIS**

A. **Claims Against Haque and Brewer**

Plaintiff attempts to reassert Eighth Amendment claims against Haque and Brewer arising out of his medical treatment at Gowanda C.F. and Wende C.F. Am. Compl. at 4. As discussed *supra*, in the July Order, the Court severed and transferred the Eighth Amendment claims related to wrongdoing that occurred at Gowanda C.F. and Wende C.F. and defendants associated with those claims to the Western District. Dkt. No. 5 at 6-7. Similarly, in the October Order, this Court denied Plaintiff's motion for reconsideration of this portion of the July Order. Dkt. No. 8 at 6.

To the extent that Plaintiff attempts to reassert claims against Haque and Brewer in the Amended Complaint, those claims are dismissed for the reasons set forth in the July Order and October Order.

### B. Eighth Amendment

The law related to Eighth Amendment deliberate medical indifference claims was discussed in the July Order and will not be restated herein. *See* Dkt. No. 5 at 8-10. In the July Order, the Court dismissed all Eighth Amendment claims for failure to plead that any named defendant was personally involved in Plaintiff's medical treatment or any alleged constitutional violation. *Id*. at 10.

In the Amended Complaint, Plaintiff identified his medical providers and provided, with detail, his medical treatment related to his right leg. Plaintiff claims that his medical care was inadequate because the defendants "withheld" medical treatment causing him pain. Am. Compl. at 3, 4. A review of the facts asserted in the Amended Complaint and the exhibits annexed thereto, reveals that Plaintiff's complaints and medical needs were not ignored. Indeed, Plaintiff was seen at sick call at Eastern C.F. on eight different dates between April 2017 and August 2017. Dkt. No. 6 at 9-14. Additionally, Andola and Gusman ordered

6

radiological films, referred Plaintiff to specialists, and provided prescription medication for pain. Dkt. No. 6 at 6-14.

Construing the allegations and amended pleading liberally, Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs because they refused to surgically remove the needle from his thigh.    As presently plead, these allegations amount to nothing more than a disagreement with their course of treatment. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*; *Jones v. Westchester County Dept. of Corrs. Med. Dept.*, 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008) (The word "adequate" reflects the reality that "[p]rison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is 'reasonable.' "). Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001);

Here, Plaintiff does not allege that any doctor or specialist suggested surgery and that defendants ignored that recommendation. Indeed, Valerian, the surgical specialist, opined that surgery "could cause more harm." Dkt. No. 6 at 8. Plaintiff's personal belief that surgery was the proper course of treatment is nothing more than dissatisfaction in the treatment he received and not a constitutional violation. *See Taylor v. Chalom*, No. 9:10-CV-1494 (NAM/DEP), 2011 WL 6942891, at *8 (N.D.N.Y. Dec. 13, 2011), *report and recommendation*

*adopted*, 2012 WL 13688 (N.D.N.Y. Jan. 4, 2012) (dismissing the Eighth Amendment claim based upon the plaintiff's belief that he was in need of surgery to his right knee as nothing more than a mere disagreement).

Accordingly, without facts suggesting that any defendant culpably and deliberately disregarded Plaintiff's serious medical needs, the Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C.   Remaining Claims

Plaintiff summarily states that he was transferred to Gowanda C.F. in retaliation for filing grievances.  Am. Compl. at 3.  To the extent that Plaintiff attempts to assert a First Amendment retaliation claim, that claim is dismissed.  The Amended Complaint lacks any facts related to when Plaintiff was transferred or by whom.  Moreover, Plaintiff has not plead that any named defendant was personally involved in the decision to transfer him to Gowanda C.F.

## V.   LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a Complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, Plaintiff has already been provided one opportunity to amend his Complaint.  The deficiencies with his original Complaint, identified by the court in its decision, have not been cured with the Amended Complaint.  Accordingly, the Court finds that any further amendment would be futile.

## VI.    SECOND MOTION FOR APPOINTMENT OF COUNSEL

The law pertaining to motions for counsel was discussed in the July Order and will not be restated herein.  Dkt. No. 5 at 12-13.  In the present case, the Court has found that the Amended Complaint fails to state a claim for relief.  Since Plaintiff has failed to establish that his claim is likely to be of substance, the Court denies his second motion for appointment of counsel.

## VII.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 13) and exhibits annexed thereto (Dkt. No. 6 at 6-23) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court is directed to add Andola as a defendant herein; and it is

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: December 21, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge